309 Fifth Owners LLC v MEPT 309 Fifth Ave. LLC (2019 NY Slip Op 02450)





309 Fifth Owners LLC v MEPT 309 Fifth Ave. LLC


2019 NY Slip Op 02450


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Singh, JJ.


8841 652383/15

[*1]309 Fifth Owners LLC, Plaintiff-Appellant,
v
MEPT 309 Fifth Avenue LLC, Defendant-Respondent.


Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Gregory F. Laufer of counsel), for appellant.
Reed Smith LLP, New York (Louis M. Solomon of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 29, 2018, which denied plaintiff's motion to compel defendant to produce documents in response to Requests No. 5 and 6 of its Demand for Production of Documents, without prejudice, unanimously reversed, on the law and the facts, and the motion granted.
Plaintiff alleges that defendant, obligated pursuant to the terms of a Purchase and Sale Agreement to prepare an appraisal of the subject property in the ordinary course of business, relied on an appraisal prepared for a related entity that was not prepared in the ordinary course of business, did not reflect market conditions, and was not consistent with good appraisal practice. Documents relating to the appraisal preparation and practices of the entities related to defendant in their ordinary course of business, as well as the appraisals so prepared, are material and necessary to plaintiff's prosecution of its action (CPLR 3101[a]; see Forman v Henkin, 30 NY3d 656, 661-662 [2018]; McMahon v New York Organ Donor Network, 161 AD3d 680 [1st Dept 2018]).
The parties are free to raise before the motion court concerns about the reasonable scope of production responsive to Request No. 6., including appropriate temporal and geographical limitations.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK